HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.

## HENDERSON v. WILLIAMS.

1. PLEADINGS.—THIS COMPLAINT alleges title in mortgagor, and its allegations are sufficient to bring in the defendant claiming some interest since accrued.

2. TESTIMONY DE BENE ESSE—WITNESSES.—It is not necessary to indorse on envelope transmitting testimony taken de bene esse the names of the witnesses.

3. IBID.—NOTICE for taking testimony de bene esse need not state that it is to be taken de bene esse, if it contains enough to show that the testimony is to be taken under the statute.

4. IBID.—CERTIFICATE.—Where the officer taking such testimony attaches to the notice, which contains the reasons for taking the testimony, a certificate that it is "taken in pursuance of the order," meaning notice, it is sufficient certificate of reasons for taking.

5. EVIDENCE.—Certificate of Secretary of State is competent evidence to

1—57

show the time, extent and character of a purchase of land from State.

6. CHARGE—PURCHASER.—Portions of charge excepted to, when construed in connection with whole charge, does not place an unjust burden of defendant in possession of land claiming as purchaser for value without notice of mortgage.

Before BENET, J., Greenwood, April extra term, 1899. Affirmed.

Foreclosure by W. E. Henderson against Lena Williams, R. R. Tolbert, Jr., and others.    Tolbert appeals.

*Mr. W. N. Graydon,* for appellant, cites: *Statute as to de bene testimony must be strictly construed:* 29 S. C., 45; 15 S. E. R., 562; 17 S. E. R., 849. *Rule as to recovery of plaintiff in suit for possession of land:* 15 S. C., 265.

*Mr. M. P. DeBruhl,* contra, cites: *Substantial compliance with Rev. Stats. 2345 to 2347, is all required:* 30 S. C., 133, 158; 54 S. C., 159. *What purchaser claiming for value without notice must show:* 16 S. C., 586. *What plaintiff claiming must show:* 31 S. E. R., 233. *Whole charge must be construed together:* 54 S. C., 90; 33 S. E. R., 739.

March 19, 1900.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This action is brought by the plaintiff against the heirs at law of Reuben Williams to foreclose two mortgages, and R. R. Tolbert was made a defendant under an allegation that he claimed some interest in the premises.    Tolbert answered, setting up that he was in possession, and was an innocent purchaser of the land for valuable consideration and without notice.    The case was placed on Calendar 1 for trial of the issue of title, and was tried before Judge Benet and a jury.    We assume that the jury rendered a verdict against the defendant, Tolbert, and that a proper judgment was rendered from which an appeal might be taken, inasmuch as Tolbert is now appealing, and no ques-

tion is raised in this regard, but the "Case" fails to disclose whether there was any judgment rendered.

1. The first question presented by appellant is whether the Circuit Court erred in overruling the oral demurrer to the complaint, that it did not state facts sufficient to constitute a cause of action against the defendant, Tolbert. We think the demurrer was properly overruled. The complaint, in addition to the usual allegations in foreclosure proceedings, alleged that the defendant, Tolbert, claimed some interest in the described premises accrued since the lien of plaintiff's mortgage. This was sufficient. The complaint does not, as argued by appellant, show that Reuben Williams, the mortgagor, never had title, and, therefore, could not mortgage the land. On the contrary, in the sixth paragraph, the complaint expressly alleges title in the mortgagor.

2. As to exceptions relating to the admission of testimony. The first, second and fifth exceptions relate to certain depositions used in the case. Three objections were interposed: (1) that the names of the witnesses were not placed on the envelope containing the depositions; (2) that the notice of taking such testimony was insufficient, in not stating that the testimony was to be taken *de bene esse* under the statute; (3) that the certificate of the officer taking the depositions was defective, in not stating the reason why the testimony was so taken. As to the first objection, while there may be some reason, as a matter of practice and convenience, for stating the names of the witnesses on the outside of the envelope containing the depositions, the statute does not expressly so require, and the depositions ought not to be rejected on that ground. As to the second objection, we think it was not essential to state in so many words that the testimony was to be taken *de bene esse* under the statute. The notice is sufficient if it contains enough to show that the testimony was to be taken under such statute. This notice contained the title of the case, and gave defendant's attorneys ten days notice of the

taking of depositions to be used upon the trial of the case, giving the names and residences of the witnesses, showing that they resided without the county where the trial was to be had, and of the officer before whom and the place where the depositions were to be taken. Such notice was sufficient to inform the adverse party that the depositions were to be taken under section 2345. The third objection was also properly overruled. The certificate of the clerk of the Court of Richland County, who took the depositions, stated that he took the depositions "in pursuance of the above order," notice being manifestly meant, for the certificate was attached to the notice above referred to. The statute requires from the officer a certificate of the reasons of taking the depositions; but inasmuch as the notice attached to the officer's certificate showed the reason, *i. e.,* residence of the witnesses without the county of trial, the certificate that the depositions were taken in pursuance of such notice, there was a substantial compliance with the statute. *Bulwinkle & Co.* v. *Cramer,* 30 S. C., 157.

The third exception imputes error in allowing plaintiff to introduce in evidence the certificate of purchase from the Secretary of State to Reuben Williams, the mortgagor, the deed itself being the best evidence of title. The complaint alleged that in 1873, Reuben Williams purchased from the State the forty acres of land in question, and that he was then put into possession by the State's agent, and that afterwards, in 1882, a deed was delivered to him. This was denied in the answer. The certificate was dated January 12, 1873, and stated that Reuben Williams had purchased the land described, stated the terms and conditions of the purchase, and that a full title would be given when all payments were made. The object in introducing the paper in evidence was to show when Reuben Williams bought the land. We see no objection to its admission for this purpose. It would tend to show the time, extent and character of Reuben Williams' possession as to which an issue was raised.

3. The remaining grounds of appeal alleged error in the charge to the jury.　The parts of the charge excepted to are as follows : "The defendant, Tolbert, one of the defendants in the case, claims in his answer, after denying the allegations, sets up for a defense and alleges that he is an innocent purchaser of the land described in the complaint for valuable consideration and without notice of the alleged claim of the plaintiff or any other person, and is now in possession of the said land.　Therefore, if you should give the defendant a verdict for possession of the lands in question, he must satisfy you he is not only in possession of the land, and not only the purchaser of the land and paid for it, but that he is an innocent purchaser without notice of the plaintiff's claim or any other person's claim to the land."　"When a man satisfies the jury by the preponderance of the evidence that he has purchased a tract of land, the land in question in any given case, and that he has paid the purchase money for the land and that he has a legal title, and that he purchased in good faith without notice of any adverse claim, then he has cleared himself of the burden which the law puts upon his shoulders to prove that he is an innocent purchaser, and his claim would be established." The objection urged by appellant against these extracts from the charge is that the Court thereby imposed an unjust burden upon the defendant, who had a right to stand on his possession until ousted by a perfect title.　There would be merit in appellant's contention if these isolated portions of the Judge's charge are to be considered without reference to the whole charge and the particular issue raised by the defendant.　The Judge in his general charge had repeatedly and explicitly instructed the jury that "a plaintiff sueing for land must recover, not because of the weakness of defendant's title or insufficiency of defendant's proof, but by the strength of his own title."　The jury were told that "the defendant himself might be in possession of the land, and fail to advance satisfactory proof, but the law does not turn him out of possession because of failure of his proofs, but only turns

him out when a claimant against him by the strength of his
title shows that he is entitled to possession." Then followed
the first quotation excepted to. The second quotation above
excepted to was given in response to appellant's request to
charge, in these words: "That to sustain a plea of being an
innocent purchaser for value and without notice, only three
things are necessary: (1) that he has paid in full the pur-
chase money; (2) that he has the legal title; (3) that he pur-
chases *bona fide* without notice." It will thus be seen that
the charge complained of was in accord with appellant's own
request, and was directed to a special defense raised by the
defendant in his answer, purchaser for valuable considera-
tion without notice. Such a defense must be sustained by
the party who erects it as a shield. *Lupo* v. *True*, 16 S. C.,
587.

The judgment of the Circuit Court is affirmed.